# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN or MIDDLE DIVISION

| | |
|---|---|
| **CARLA CHATTMAN CLARK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO:** |
| ) | |
| **WALMART STORES EAST, L.P.**, ) | |
| a foreign corporation; and ) | |
| ) | |

**Fictitious Defendants No. 1**, whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the floor at the premises in question in this lawsuit; and

**Fictitious Defendant No. 2**, whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding conditions that were hazardous to CARLA CHATTMAN CLARK and other invitees at the premises in question in this lawsuit; and

**Fictitious Defendant No. 3**, whether singular or plural, that entity or those entities who or which had a duty to inspect the location in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the materials used for travel by the persons at the premises in question and at issue in this lawsuit; and

**Fictitious Defendant No. 4**, whether singular or plural, that entity or those entities who or which placed, allowed or caused the dangerous condition to be present at the location in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named CARLA CHATTMAN CLARK; and

**Fictitious Defendant No. 5**, whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the person in question and at issue in this lawsuit; and

**Fictitious Defendant No. 6**, whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the materials at the premises in question and at issue in this lawsuit; and

**Fictitious Defendant No. 7**, whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of Plaintiff, CARLA CHATTMAN CLARK, while at the premises involved in the occurrence made the basis of this suit; and

**Fictitious Defendant No. 8**, whether singular or plural, that entity or these entities who or which were involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiffs complaint; and

**Fictitious Defendant No. 9**, whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit; and

**Fictitious Defendant No. 10**, whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; and

**Fictitious Defendant No. 11**, whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; and

**Fictitious Defendant No. 12**, whether singular or plural, that entity or those entities which reinsured or provided excess coverage; and

**Fictitious Defendant No. 13**, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; and

**Fictitious Defendant No. 14**, being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; and

**Fictitious Defendant No. 15**, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; and

**Fictitious Defendant No. 16**, being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; and

**Fictitious Defendant No. 17**, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; and

**Fictitious Defendant No. 18**, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining, and operating the location in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the

injuries and damages to Plaintiff, CARLA CHATTMAN CLARK, as alleged in this lawsuit; and

**Fictitious Defendant No. 19**, being the person, firm, partnership or corporation doing business as Walmart in Leeds, Alabama.

Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained.

|  |  |
|---|---|
| Defendants. | ) ) |

## NOTICE OF REMOVAL

COMES NOW the Defendant in the above-styled action, **Walmart Stores East, L.P.**, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of this action from the Circuit Court of Jefferson County, Alabama, Birmingham Division, to the United States District Court for the Northern District of Alabama, Southern Division. In support of this removal, Defendant states as follows:

### I. PROCEDURAL BACKGROUND

1. On July 29, 2022, Carla Chattman Clark ("Plaintiff") filed a Complaint against the Defendant in Jefferson County, Alabama, Birmingham Division, Civil Action No. 01-CV-2022-902243.

2. In accordance with 28 U.S.C. § 1446(a), copies of all pleadings, processes, and orders in the state court action are attached hereto as **Exhibit 1**.

3. Walmart Stores East, L.P. has not been served with the Summons and Complaint at this time, however, Walmart intends on filing an Answer to the Plaintiff's Complaint once the Notice of Removal is filed into Court.

4. Section 1446(b) sets forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading, and (2) those that later become removable on the basis of a copy of an amended pleading, motion, order, or other paper. 28 U.S.C. §1446(b). Regardless of the type of case, a defendant must remove within thirty days of receiving the document that provides the basis for the removal. *See* 28 U.S.C. §1446(b); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212-13 (11th Cir. 2007).

5. Prior to the filing of the subject suit, Defendant was provided with a letter from Plaintiff's counsel demanding $350,000.00 as a result of the incident made the basis of this lawsuit. (**Exhibit 2**, letter from Plaintiff's Counsel). The letter further alleges Plaintiff has incurred medical expenses in the amount of $106,819.14 to date and at least $33,120.00 in lost wages. (Ex. 2, letter from Plaintiff's Counsel). Plaintiff's Complaint asserts she suffered injuries to her back and lower extremities, permanent injures, aggravation and or exacerbation to then existing conditions, mental anguish, and lost wages for which she demands compensatory and punitive damages. (Complaint, ¶ 6). She further claims she will be caused to undergo future

medical treatment and incur future medical expenses, as well as endure "great pain and suffering" and "residual problems." (Complaint, ¶ 6).

Based upon Plaintiff's claims and settlement demand, it is clear alleged damages in this lawsuit equate to over $75,000.00. Consequently, this matter is removable under 28 U.S.C. § 1446(b) within thirty days after the service of the Complaint on Defendant. Although Defendant denies liability alleged against it by Plaintiff, it is unquestionable that the damages claimed by Plaintiff in this matter exceed the $75,000 amount in controversy for removal under diversity jurisdiction.

6. This notice is being filed with the United States District Court within thirty (30) days after receipt of the initial pleadings. Therefore, this notice is timely under 28 U.S.C. § 1446(b).

7. This case is properly removable pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between Plaintiff and the Defendant. Additionally, the amount in controversy exceeds the threshold for federal diversity jurisdiction.

## II. DIVERSITY JURISDICTION

8. As demonstrated below, this action is removable under 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Furthermore, this Notice of Removal has been filed within thirty (30) days of the date when Defendant received service of the Complaint and, therefore, complies with the procedural requirements of 28 U.S.C. § 1441(b).

    **A.**    **There Is Complete Diversity of Citizenship Between the Parties**

9.    This action involves "citizens of different states." 28 U.S.C. §1332(a)(1).

10.    Plaintiff Carla Chattman Clark is an individual resident of St. Clair County, Alabama. (Complaint, ¶ 1).

11.    Defendant Wal-Mart Stores East, L.P. is a limited partnership of which WSE Management, LLC is the sole general partner and WSE Investment, LLC is the sole limited partner. The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. The sole member of Wal-Mart Stores East, LLC is Walmart, Inc. As previously stated, Walmart, Inc. is a Delaware corporation with its principal place of business in Arkansas. (**Exhibit 3**, Alabama Secretary of State Records). Thus, Walmart Stores East, L.P. is a citizen of both Delaware and Arkansas. *See Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004) (holding that for purposes of assessing diversity of citizenship, "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens" and "a limited liability company is a citizen of any state in which a member of the company is a citizen.").

12. Accordingly, the Defendant is not a citizen of Alabama, Plaintiff's place of residence, for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

13. It has long been held that the court's diversity jurisdiction is established at the time the notice of removal is filed. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Further, the citizenship of defendants sued under fictitious names shall not be considered when determining diversity jurisdiction. 28 U.S.C. § 1441(b).

14. Accordingly, there is complete diversity among the Plaintiff and Defendant in this matter.

B. **The Amount-In-Controversy Requirement is Satisfied**

15. The amount in controversy in this action exceeds the $75,000.00 jurisdictional threshold. 28 U.S.C. § 1332(a).

16. In her Complaint, Plaintiff alleges she suffered injuries to her back and lower extremities, permanent injures, aggravation and or exacerbation to then existing conditions, mental anguish, and lost wages for which she demands compensatory and punitive damages. (Complaint, ¶ 6). Plaintiff seeks recovery of previously incurred medical expenses, as well as future medical expenses, past and future lost wages, and other monetary losses as damages in this case. (Complaint, ¶¶ 18-19).

17. Where there is an unspecified claim for damages, a removing defendant is not required to prove the plaintiff would recover more than the jurisdictional amount to a "legal certainty." *Lowe's Ok'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998). Instead, the defendant faces the lower burden of demonstrating "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement. *Lowe's Ok'd Used Cars, Inc.*, 995 F. Supp. at 1389 (citing *Tapscott*, 77 F.3d at 1357). *See, e.g., Jones v. Novartis Pharms. Co.*, 952 F. Supp. 2d 1277, 1282 (N.D. Ala. 2013); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The lower burden of proof "is warranted because there is simply no estimate of damages to which a court may defer." *Lowe's Ok'd Used Cars, Inc.*, 995 F. Supp. at 1389.

18. To meet its burden, the removing defendant may present additional evidence to establish that the amount in controversy exceeds $75,000. *Rowe v. Michelin. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) ("In some cases, [the removing defendant's] burden requires [it] to provide additional evidence demonstrating that removal is proper." (footnote and citation omitted)); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010) (concluding that defendants can "submit [their] own evidence in order to satisfy the jurisdictional requirements of removal" including defendants' own affidavits, declarations, or other documents). Such evidence may include demand letters received from the

plaintiff. *Partridge v. Target Corp.*, No. CV 10-PWG-2428-NE, 2011 WL 13229686, at *2 (N.D. Ala. July 11, 2011) (citing *Lowery v. Ala. Power*, 483 F.3d 1184, 1212 n. 62 (11th Cir. 2007)); *Foshee v. Cleavenger*, No. 2:14CV965-SRW, 2014 WL 6978276, at *5 (M.D. Ala. Dec. 4, 2014).

19.     Moreover, the Eleventh Circuit has stated:

> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See Id*. at 754. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *See Id*. at 770 (quoting *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)); *see also Williams [v. Best Buy Co., Inc.]*, 269 F.3d [1316,] 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Rowe v. Michelin Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).

20.     The preponderance of the evidence establishes that the amount in controversy requirement is met in this action. In fact, Plaintiff demanded $350,000 for her claims. (Exhibit 3). Thus, Plaintiff herself has alleged that her damages in this matter exceed the $75,000.00 threshold for diversity jurisdiction under § 1332(a).

21.     Moreover, this Court is allowed to look to judicial experience to reasonably deduce the amount in controversy. In similar cases wherein a plaintiff

has successfully asserted claims against a defendant for severe and permanent physical injury arising from a fall on the defendant's premises, jury verdicts have exceeded the jurisdictional requirement. *See Methvin, et al. v. Coca-Cola Bottling Co. Consolidated, et al.*, 19 Ala. Civ. Trial Rptr. 3-24, 2019 WL 1983922 (Cir. Ct. Mobile Cnty. Jan. 16, 2019) (awarding plaintiff Melissa Methvin $1,400,000.00 in damages for injuries sustained when plaintiff slipped and fell on water located on the floor); *Letson v. Huntsville Hospital*, 18 Ala. Civ. Trial Rptr. 6-15, 2018 WL 3105528 (Cir. Ct. Madison Cnty. Mar. 12, 2018) (providing a settlement of $145,000 to the plaintiff for sustained knee and back injuries in a trip and fall at her place of employment); *Preston v. Medical Ctr. Hotel, Inc., et al.*, 15 Ala. Civ. Trial Rptr. 11-12, 2015 WL 7729423 (Cir. Ct. Jefferson Cnty. June 15, 2015) (awarding $420,050.00 in damages to plaintiff on her claims of negligence against defendants Medical Center Hotel and Blumberg arising out of her trip and fall over a floor drain on defendants' premises).

22.     As such, the amount in controversy requirement of 28 U.S.C § 1332(a) is met as the preponderance of the evidence establishes that Plaintiff seeks over $75,000.00 in compensatory and punitive damages from the Defendant.

### C.     The Other Prerequisites for Removal Have Been Satisfied

23.     In addition to satisfying the requirements for diversity of jurisdiction, Defendant has satisfied all other requirements for removal.

24. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

25. Defendant has not previously removed this action.

26. Removal at the present time will not result in any prejudice to Plaintiff as the matter is in the initial pleading stage and no discovery has occurred.

27. Removal to this district and division is proper under 28 U.S.C § 81(a)(1) because this district and division embraces the Circuit Court of Jefferson County, Alabama, Birmingham Division, the forum in which the removed action was pending.

28. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the filing of this Notice of Removal to Plaintiff and file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Alabama, Birmingham Division, where this action was pending.

### III. CONCLUSION

29. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of rights to assert any defense or affirmative matter, whether pursuant to Federal Rule of Civil Procedure 8(c) or Federal Rule of Civil Procedure 12(b).

WHEREFORE, PREMISES CONSIDERED, Defendant Walmart Stores East, L.P. respectfully requests that the Court take jurisdiction of this action and

issue all necessary orders and process to remove this action from the Circuit Court of Jefferson County, Alabama, Birmingham Division, to the United States District Court for the Northern District of Alabama, Southern Division.

                    Respectfully submitted,

                    s/ *Chris Zulanas*
                    Christopher J. Zulanas (ASB-1572-U82C)
                    Gwendolyn A. Gordon (ASB-2775-O74A)
                    *Counsel for the Defendant*
                    *Walmart Stores East, L.P.*

OF COUNSEL:
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
czulanas@friedman-lawyers.com
ggordon@friedman-lawyers.com
P 205.278.7000 | F 205.278.7001

## CERTIFICATE OF SERVICE

     I hereby certify that I have caused a copy of the foregoing Notice of Removal to be electronically filed and issued to counsel via electronic mail and/or CM/ECF notification on this date:  September 1, 2022.

Jonathan W. Cooner
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
jcooner@asilpc.com
*Counsel for the Plaintiff*

                    s/ *Chris Zulanas*
                    OF COUNSEL