FILED
2022 Sep-02  PM 02:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 1



# ALABAMA SJIS CASE DETAIL



**PREPARED FOR: CHRIS ZULANAS**

County: **01**    Case Number: **CV-2022-902243.00**    Court Action:

Style: **CARLA CHATTMAN CLARK V. WAL-MART STORES EAST, LP**

`Real Time`

## Case

### Case Information

| | | |
|---|---|---|
| County: **01-JEFFERSON - BIRMINGHAM** | Case Number: **CV-2022-902243.00** | Judge: **PJB:PAT BALLARD** |
| Style: **CARLA CHATTMAN CLARK V. WAL-MART STORES EAST, LP** | | |
| Filed: **07/29/2022** | Case Status: **ACTIVE** | Case Type: **NEGLIGENCE-GENERAL** |
| Trial Type: **JURY** | Track: | Appellate Case: **0** |
| No of Plaintiffs: **1** | No of Defendants: **1** | |

### Damages

| | | |
|---|---|---|
| Damage Amt: **0.00** | Punitive Damages: **0.00** | General Damages: **0.00** |
| No Damages: | Compensatory Damages: **0.00** | |
| Pay To: | Payment Frequency: | Cost Paid By: |

### Court Action

Court Action Code:                    Court Action Desc:                    Court Action Date:
Num of Trial days: **0**              Num of Liens: **0**                    Judgment For:
Dispositon Date of Appeal:           Disposition Judge:  :                  Disposition Type:
Revised Judgement Date:              Minstral:                              Appeal Date:
Date Trial Began but No Verdict (TBNV1):
Date Trial Began but No Verdict (TBNV2):

### Comments

Comment 1:
Comment 2:

### Appeal Information

Appeal Date:                         Appeal Case Number:                   Appeal Court:
Appeal Status:                       Orgin Of Appeal:
Appeal To:                           Appeal To Desc:                       LowerCourt Appeal Date:
Disposition Date Of Appeal:          Disposition Type Of Appeal:

### Administrative Information

Transfer to Admin Doc Date:          Transfer Reason:                      Transfer Desc:
Number of Subponeas:                 Last Update: **07/29/2022**            Updated By: **AJA**

## Case Action Summary

| Date: | Time | Code | Comments | | Operator |
|---|---|---|---|---|---|
| 7/29/2022 | 4:58 PM | FILE | FILED THIS DATE: 07/29/2022 | (AV01) | AJA |
| 7/29/2022 | 4:58 PM | EORD | E-ORDER FLAG SET TO "Y" | (AV01) | AJA |
| 7/29/2022 | 4:58 PM | ASSJ | ASSIGNED TO JUDGE: PAT BALLARD | (AV01) | AJA |
| 7/29/2022 | 4:58 PM | SCAN | CASE SCANNED STATUS SET TO: N | (AV01) | AJA |

| 7/29/2022 | 4:58 PM | TDMJ | JURY TRIAL REQUESTED        (AV01) | AJA |
|-----------|---------|------|-----------------------------------|-----|
| 7/29/2022 | 4:58 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE        (AV01) | AJA |
| 7/29/2022 | 4:58 PM | ORIG | ORIGIN: INITIAL FILING        (AV01) | AJA |
| 7/29/2022 | 4:58 PM | C001 | C001 PARTY ADDED: CLARK CARLA CHATTMAN        (AV02) | AJA |
| 7/29/2022 | 4:58 PM | C001 | INDIGENT FLAG SET TO: N        (AV02) | AJA |
| 7/29/2022 | 4:58 PM | C001 | LISTED AS ATTORNEY FOR C001: COONER JONATHAN WESL | AJA |
| 7/29/2022 | 4:58 PM | C001 | C001 E-ORDER FLAG SET TO "Y"        (AV02) | AJA |
| 7/29/2022 | 4:58 PM | D001 | D001 PARTY ADDED: WAL-MART STORES EAST, LP  (AV02) | AJA |
| 7/29/2022 | 4:58 PM | D001 | INDIGENT FLAG SET TO: N        (AV02) | AJA |
| 7/29/2022 | 4:58 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE        (AV02) | AJA |
| 7/29/2022 | 4:58 PM | ECOMP | COMPLAINT E-FILED. | COO101 |
| 7/29/2022 | 4:58 PM | D001 | D001 E-ORDER FLAG SET TO "Y"        (AV02) | AJA |
| 7/29/2022 | 4:58 PM | D001 | CERT MAIL-FIL ISSUED: 07/29/2022 TO D001   (AV02) | AJA |

 **END OF THE REPORT**

ELECTRONICALLY FILED
7/29/2022 4:58 PM
01-CV-2022-902243.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01<br><br>Date of Filing:   Judge Code:<br>07/29/2022 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### CARLA CHATTMAN CLARK v. WAL-MART STORES EAST, LP

**First Plaintiff:** ☐ Business  ☑ Individual   **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other    ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER
R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
COO101       7/29/2022 4:58:38 PM       /s/ JONATHAN WESLEY COONER
_____   _____   _____
                Date                Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☑ YES ☐ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☐ NO

ELECTRONICALLY FILED
7/29/2022 4:58 PM
01-CV-2022-902243.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### BIRMINGHAM DIVISION

| | |
|---|---|
| CARLA CHATTMAN CLARK, <br> an individual, <br><br> Plaintiff, <br><br> v. <br><br> WAL-MART STORES EAST, L.P. <br> a foreign corporation, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

CASE NO.: _____

*DEMANDS TRIAL BY JURY*

FICTITIOUS DEFENDANTS: No. 1, whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the floor at the premises in question in this lawsuit; No. 2, whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding conditions that were hazardous to CARLA CHATTMAN CLARK and other invitees at the premises in question in this lawsuit; No. 3, whether singular or plural, that entity or those entities who or which had a duty to inspect the location in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the materials used for travel by the persons at the premises in question and at issue in this lawsuit; No. 4, whether singular or plural, that entity or those entities who or which placed, allowed or caused the dangerous condition to be present at the location in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named CARLA CHATTMAN CLARK; No. 5, whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the person in question and at issue in this lawsuit; No. 6, whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the materials at the premises in question and at issue in this lawsuit; No. 7, whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of Plaintiff, CARLA CHATTMAN CLARK, while at the premises involved in the occurrence made the basis of this suit; No. 8, whether singular or plural, that entity or those entities who or which were involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint;  No. 9, whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit;  No. 10, whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence;  No. 11, whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful

conduct caused or contributed to cause the occurrence made the basis of this lawsuit; No. 12, whether singular or plural, that entity or those entities which reinsured or provided excess coverage; No. 13, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; No. 14, being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; No. 15, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; No. 16, being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining, and operating the location in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, CARLA CHATTMAN CLARK, as alleged in this lawsuit; No. 19, being the person, firm, partnership or corporation doing business as Walmart in Leeds, Alabama; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained.

Defendants.                    )
                               )

## COMPLAINT

1.      Plaintiff, CARLA CHATTMAN CLARK (hereinafter "Plaintiff"), is an individual resident citizen of St. Clair County, Alabama and is over the age of nineteen (19) years of age.

2.      Defendant, WAL-MART STORES EAST, L.P., (hereinafter "Walmart"), is a foreign limited partnership doing business in the State of Alabama and Jefferson County.

3.      At the time and place made the basis of this lawsuit, and for some time prior thereto, the other fictitious party defendants are described as follows: No. 1, whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the floor and/or walkways located on the defendant's premises in Leeds, Alabama; No. 2, whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding floor and/or walkway conditions that were hazardous to Plaintiff and other patrons in the restaurant in question in this lawsuit; No. 3, whether singular or plural, that entity or those entities who or

which had a duty to inspect the floor and/or walkway in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the floor and/or area used for travel by the patrons at the business in question and at issue in this lawsuit; **No. 4,** whether singular or plural, that entity or those entities who or which placed, allowed or caused the dangerous floor and/or walkway conditions to be present on the premises in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named Plaintiff; **No. 5,** whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the premises in question and at issue in this lawsuit; **No. 6,** whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the floor and/or walkway materials present on the premises in question and at issue in this lawsuit; **No. 7,** whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of Plaintiff, while at the premises involved in the occurrence made the basis of this suit; **No. 8,** whether singular or plural, that entity or those entities who or which were involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint; **No. 9,** whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit; **No. 10,** whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; **No. 11,** whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; **No. 12,** whether singular or plural, that entity or those entities which reinsured or provided excess coverage; **No. 13,** whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 14,** being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; **No. 15,** being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; **No. 16,** being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; **No. 17,** being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; **No. 18,** being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining and operating the premises in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, as alleged in this lawsuit; **No. 19,** being that person, firm, partnership or corporation doing business as Walmart in Leeds, Alabama. Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this

time, or if their names are known to Plaintiff at this time, their identities as proper party defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained.

4.     On or about the 1st day of August, 2020, Plaintiff was an invitee of Walmart located at 8551 Whitfield Avenue, Leeds, Alabama 35094 in Jefferson County, when Plaintiff suffered a fall resulting from the negligent/wanton action(s) and/or omission(s) of the owner(s) and/or employee(s) of Walmart.

5.     Defendant Walmart, and/or one or more of the other fictitious party defendants listed and described hereinabove, negligently, recklessly, and/or wantonly caused or allowed Plaintiff to fall and suffer injuries and damages to his person by failing to maintain its premises and/or failing to keep and maintain its premises free and clear of potentially hazardous conditions of which they were aware or should have known through their inspection of the premises for said hazardous conditions. The Defendant, and one or more of the other fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous and/or dangerous condition, and were negligent and/or wanton in allowing or affirmatively creating a hazard of allowing the dangerous condition to be left and/or to remain on the premises in the path of invitees of Defendant Walmart, and were negligent and/or wanton in creating a hazard on the floor, ground, and/or walkway on the premises in the path of guests and/or invitees of Walmart.

6.     As a proximate and direct result of the Defendants wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:

(a.)    Plaintiff suffered injuries to her back and lower extremities;

(b.)    Plaintiff was caused and will be caused in the future to undergo medical treatment in and about an effort to cure and treat said injuries.

(c.)    Plaintiff has incurred and will incur in the future medical expenses in treatment of said injuries;

(d.)    Plaintiff has been caused and will be caused to endure great pain and suffering;

(e.)    Plaintiff has been caused and will be caused to suffer permanent injury that caused and will cause residual problems;

(f.)    Plaintiff has been caused to be permanently injured;

(g.)    Plaintiff has been caused to suffer mental anguish;

(h.)    Plaintiff has been caused to suffer lost wages;

(i.)    Plaintiff has caused to suffer aggravation and or exacerbation to then existing conditions that she either did or did not know of at the time; and

(j.)   All other damages to which Plaintiff may be entitled.

## COUNT I - NEGLIGENCE

7.   On or about the 1st day of August 2020, Plaintiff was an invitee of Walmart located at 8551 Whitfield Avenue, Leeds, Alabama 35094 in Jefferson County, Alabama, when Plaintiff suffered a fall resulting from the negligent action(s) and/or omission(s) of the owner(s) and/or employee(s) of Walmart.

8.   Defendant Walmart, and one or more of the fictitious party defendants listed and described hereinabove, negligently caused or allowed Plaintiff to fall upon the floor, ground, and/or walkway on their premises and failed to keep and maintain its premises to be free and clear of potentially hazardous conditions.  The Defendant, and one or more of the fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, and were negligent and/or wanton in affirmatively creating a hazard or not warning their patrons of said hazardous condition that was situated in a dangerous area and/or location inasmuch as it was located in an area that was regularly traveled by guests, patrons or invitees.  Further, Defendants, whether named herein or fictitiously described hereinabove, were negligent in failing to warn Plaintiff of this dangerous condition that existed on their premises and was a hazard to their guests or invitees.

9.   As a proximate and direct result of Defendants wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as stated in paragraph number six (6) above.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for general and compensatory as well as special and punitive damages, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT II – RECKLESSNESS AND WANTONNESS

10.   Plaintiff hereby realleges and reavers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

11.   Defendant Walmart, and one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed Plaintiff to fall upon the floor, ground, and/or walkway at their premises and failed to keep and maintain its premises in a manner to be free and clear of potentially hazardous conditions and to warn its invitees of the aforementioned conditions.  The Defendant, and one or more of the fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, were wanton and/or reckless in creating a hazard of a dangerous

material on the floor in the path of guests or invitees and were wanton and/or reckless in affirmatively creating a hazard of allowing hazardous and dangerous conditions and/or materials to be placed or allowed to remain on a route regularly used by its guests or invitees in a location that would likely lead to harm to its guests or invitees due to the location of the hazard.

12.    Defendant Walmart, and/or one or more of the fictitious party defendants listed and described hereinabove, wantonly and/or recklessly caused or allowed the hazard at issue in this lawsuit to be placed, or did place or allow to remain in a regularly used area of travel in a location that was dangerous and likely to cause injury to their guests or invitees and did cause injury to Plaintiff.

13.    As a proximate and direct result of Defendant's wrongful conduct as specifically mentioned above, Plaintiff has been injured and damaged as stated in paragraph number six (6) above.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for generally and compensatory as well as special and punitive damages, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT III – PREMISES LIABILITY

14.    Plaintiff hereby realleges and reavers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

15.    Defendant Walmart, and/or one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed dangerous materials and/or conditions to be placed or to remain upon the premises in an area that was used by its guests or invitees to move around the business.

16.    At the aforesaid time and place, the Defendant, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, were the owners or lessees of the property and as such had a duty and responsibility to provide Plaintiff a safe place to traverse common areas on the premises.  Further, if any defects in their owned or leased premises existed, the Defendant, and/or the other fictitious party defendants as listed and described hereinabove had the duty to warn its guests, patrons or invitees of hazards of which it knew or should have known that were not easily discoverable by the guests, patrons, or invitees.  Said Defendants negligently, wantonly, recklessly and/or willfully breached these duties by failing to provide Plaintiff with a safe place to traverse common areas on the premises and by failing to warn him of the hazard and/or defect which he encountered which was known to them or which they negligently failed to detect in their use, operation and maintenance of and upon the premises.  Said

negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

17.    Plaintiff avers that Defendants, whether named herein or fictitiously described in the caption hereinabove, negligently, wantonly, recklessly, purposely, intentionally, willfully or by design caused injury to Plaintiff. The Defendants, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, negligently, wantonly, recklessly and/or willfully caused or allowed the dangerous materials to remain in a main travel area and failed to remedy the hazardous situation and/or address the unreasonably dangerous area, and said Defendants had actual knowledge of the hazardous condition or said hazardous condition had existed for such an unreasonable length of time so as to create a presumption of knowledge of such hazardous area on the part of said Defendants.

18.    Plaintiff alleges that the injuries and damages were caused as a direct and proximate consequence of the negligent, willful and/or wanton conduct and/or other wrongful conduct of the Defendants, and/or the fictitious party defendants listed and described hereinabove.

19.    The aforesaid wrongful, negligent, willful and/or wanton conduct of each of the above-described Defendants, including the fictitious party defendants, combined and concurred, and as a proximate cause thereof, Plaintiff was caused to be severely injured.

20.    As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as stated in paragraph number six (6) above.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for generally and compensatory as well as special and punitive damages, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT IV - RESPONDEAT SUPERIOR AND AGENCY

21.    Plaintiff hereby realleges and reavers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

22.    Plaintiff avers and alleges that Fictitious Defendant 1-19 was the agent and employee of Defendant Walmart, and consequently, Defendant Walmart, and/or other fictitious defendants, are liable for any negligent and/or wanton acts or omissions

committed by Fictitious Defendant 1-19 while he or she was acting within the line and scope of their employment.

23.    Fictitious Defendant 1-19 negligently and/or wantonly caused or allowed the Plaintiff to fall on the occasion made the basis of this lawsuit, as aforesaid.

24.    Fictitious Defendant 1-19 was acting within the line and scope of his or her employment on the occasion made the basis of this lawsuit.

25.    As a proximate consequence of the negligence and/or wantonness of Fictitious Defendant 1-19, Defendant Walmart, and/or other fictitious defendants, are liable to the Plaintiff for the damages set forth above in paragraph six (6) under the theories of respondeat superior and agency.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff hereby demands judgment against the Defendants, and/or other fictitious defendants, in an amount as the court may determine, together with interest from the date of the injury plus the costs of this action.

Respectfully Submitted,


/s/ Jonathan W. Cooner
**Jonathan W. Cooner (COO101)**
*Attorney for Plaintiff*

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 983-8156
(205) 983-8456- Facsimile



**SERVE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:**

Wal-Mart Stores East, L.P.
Attn:  CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL  36104



AlaFile E-Notice

01-CV-2022-902243.00

To:   JONATHAN WESLEY COONER
        jcooner@asilpc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA CHATTMAN CLARK V. WAL-MART STORES EAST, LP
01-CV-2022-902243.00

The following complaint was FILED on 7/29/2022 4:58:45 PM

Notice Date:        7/29/2022 4:58:45 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2022-902243.00

To:  WAL-MART STORES EAST, LP
2 NORTH JACKSON ST.
STE 605
MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA CHATTMAN CLARK V. WAL-MART STORES EAST, LP
01-CV-2022-902243.00

The following complaint was FILED on 7/29/2022 4:58:45 PM

Notice Date:      7/29/2022 4:58:45 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2022-902243.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### CARLA CHATTMAN CLARK V. WAL-MART STORES EAST, LP

**NOTICE TO:** WAL-MART STORES EAST, LP, 2 NORTH JACKSON ST. STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JONATHAN WESLEY COONER ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 3626 CLAIRMONT AVE. S., BIRMINGHAM, AL 35222 .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of CARLA CHATTMAN CLARK
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

07/29/2022 /s/ JACQUELINE ANDERSON  SMITH By:

*(Date)* *(Signature of Clerk)* *(Name)*

☑ Certified Mail is hereby requested. /s/ JONATHAN WESLEY COONER

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in County,

*(Name of Person Served)* *(Name of County)*

Alabama on .

*(Date)*

_____  _____  _____

*(Type of Process Server)* *(Server's Signature)* *(Address of Server)*

_____  _____

*(Server's Printed Name)* *(Phone Number of Server)*



AlaFile E-Notice

01-CV-2022-902243.00

To:  CHRISTOPHER J. ZULANAS MR.
czulanas@friedman-lawyers.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CARLA CHATTMAN CLARK V. WAL-MART STORES EAST, LP
01-CV-2022-902243.00

The following NOTICE OF REMOVAL was FILED on 9/1/2022 3:18:58 PM

Notice Date:      9/1/2022 3:18:58 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

ELECTRONICALLY FILED
9/1/2022 3:18 PM
01-CV-2022-902243.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION

| | | |
|---|---|---|
| CARLA CHATTMAN CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: 01-CV-2022-902243 |
| | ) | |
| WAL-MART STORES EAST, L.P., | ) | |
| a foreign corporation; et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **NOTICE OF FILING NOTICE OF REMOVAL**

COMES NOW the Defendant in the above-styled action, **Wal-Mart Stores East, L.P.**, and submits this Notice of Filing Notice of Removal.  On September 1, 2022, Defendant filed a Notice of Removal in the United States District Court for the Northern District of Alabama, Southern Division. A copy of this Notice of Removal is attached hereto as Exhibit A.

Respectfully submitted,


_s/ Chris Zulanas_
Christopher J. Zulanas (ZUL001)
Gwen A. Gordon (ARE006)
Attorneys for Defendant Wal-Mart Stores East, LP

**OF COUNSEL:**
Friedman, Dazzio & Zulanas, PC
3800 Corporate Woods Drive
Birmingham, AL 35242
czulanas@friedman-lawyers.com
ggordon@friedman-lawyers.com
p 205.278.7000 | f 205.278.7001

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify I have caused a copy of the foregoing document to be electronically filed and sent to counsel of record via email and/or by placing a copy of same in the United States Postal Service via regular mail on this date: September 1, 2022.

Jonathan W. Cooner
Shunnarah Injury Lawyers
3626 Clairmont Avenue
Birmingham, AL 35222

_____*s/ Chris Zulanas*_____
OF COUNSEL

# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN or MIDDLE DIVISION**

| | | |
|---|---|---|
| **CARLA CHATTMAN CLARK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO:** |
| | ) | |
| **WAL-MART STORES EAST, L.P.**, | ) | |
| a foreign corporation; and | ) | |
| | ) | |

**Fictitious Defendants No. 1**, whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the floor at the premises in question in this lawsuit; and

**Fictitious Defendant No. 2**, whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding conditions that were hazardous to CARLA CHATTMAN CLARK and other invitees at the premises in question in this lawsuit; and

**Fictitious Defendant No. 3**, whether singular or plural, that entity or those entities who or which had a duty to inspect the location in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the materials used for travel by the persons at the premises in question and at issue in this lawsuit; and

**Fictitious Defendant No. 4**, whether singular or plural, that entity or those entities who or which placed, allowed or caused the dangerous condition to be present at the location in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named CARLA CHATTMAN CLARK; and

**Fictitious Defendant No. 5**, whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the person in question and at issue in this lawsuit; and

**Fictitious Defendant No. 6**, whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the materials at the premises in question and at issue in this lawsuit; and

**Fictitious Defendant No. 7**, whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of Plaintiff, CARLA CHATTMAN CLARK, while at the premises involved in the occurrence made the basis of this suit; and

**Fictitious Defendant No. 8**, whether singular or plural, that entity or these entities who or which were involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiffs complaint; and

**Fictitious Defendant No. 9**, whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit; and

**Fictitious Defendant No. 10**, whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; and

**Fictitious Defendant No. 11**, whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; and

**Fictitious Defendant No. 12**, whether singular or plural, that entity or those entities which reinsured or provided excess coverage; and

**Fictitious Defendant No. 13**, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; and

**Fictitious Defendant No. 14**, being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; and

**Fictitious Defendant No. 15**, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; and

**Fictitious Defendant No. 16**, being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; and

**Fictitious Defendant No. 17**, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; and

**Fictitious Defendant No. 18**, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining, and operating the location in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, CARLA CHATTMAN CLARK, as alleged in this lawsuit; and

**Fictitious Defendant No. 19**, being the person, firm, partnership or corporation doing business as Wal-Mart in Leeds, Alabama.

Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained.

                                        )
        Defendants.                     )

## <u>NOTICE OF REMOVAL</u>

COMES NOW the Defendant in the above-styled action, **Wal-Mart Stores East, L.P.**, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of this action from the Circuit Court of Jefferson County, Alabama, Birmingham Division, to the

United States District Court for the Northern District of Alabama, Southern Division. In support of this removal, Defendant states as follows:

## I.  PROCEDURAL BACKGROUND

1.       On July 29, 2022, Carla Chattman Clark ("Plaintiff") filed a Complaint against the Defendant in Jefferson County, Alabama, Birmingham Division, Civil Action No. 01-CV-2022-902243.

2.       In accordance with 28 U.S.C. § 1446(a), copies of all pleadings, processes, and orders in the state court action are attached hereto as **Exhibit 1**.

3.       Wal-Mart Stores East, L.P. has not been served with the Summons and Complaint at this time, however, it is appearing in this matter to remove it to the proper jurisdiction and will file an Answer to the Plaintiff's Complaint immediately following removal to this Court.

4.       Section 1446(b) sets forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading, and (2) those that later become removable on the basis of a copy of an amended pleading, motion, order, or other paper. 28 U.S.C. §1446(b). Regardless of the type of case, a defendant must remove within thirty days of receiving the document that provides the basis for the removal. *See* 28 U.S.C. §1446(b); *Lowery v. Ala. Power Co.*, 483 F.3d 1184,1212-13 (11th Cir. 2007).

5.       Prior to the filing of the subject suit, Defendant was provided with a letter from Plaintiff's counsel demanding $350,000.00 as a result of the incident made the basis of this lawsuit.  (**Exhibit 2**, letter from Plaintiff's Counsel). The letter further alleges Plaintiff has incurred medical expenses in the amount of $106,819.14 to date and at least $33,120.00 in lost wages. (Ex. 2, letter from Plaintiff's Counsel). Plaintiff's Complaint asserts she suffered

injuries to her back and lower extremities, permanent injures, aggravation and or exacerbation to then existing conditions, mental anguish, and lost wages for which she demands compensatory and punitive damages. (Complaint, ¶ 6). She further claims she will be caused to undergo future medical treatment and incur future medical expenses, as well as endure "great pain and suffering" and "residual problems." (Complaint, ¶ 6).

Based upon Plaintiff's claims and settlement demand, it is clear alleged damages in this lawsuit equate to over $75,000.00. Consequently, this matter is removable under 28 U.S.C. § 1446(b) within thirty days after the service of the Complaint on Defendant. Although Defendant denies liability alleged against it by Plaintiff, it is unquestionable that the damages claimed by Plaintiff in this matter exceed the $75,000 amount in controversy for removal under diversity jurisdiction.

6.     This notice is being filed with the United States District Court within thirty (30) days after receipt of the initial pleadings. Therefore, this notice is timely under 28 U.S.C. § 1446(b).

7.     This case is properly removable pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between Plaintiff and the Defendant. Additionally, the amount in controversy exceeds the threshold for federal diversity jurisdiction.

## II.  DIVERSITY JURISDICTION

8.     As demonstrated below, this action is removable under 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Furthermore, this Notice of Removal has

been filed within thirty (30) days of the date when Defendant received service of the Complaint and, therefore, complies with the procedural requirements of 28 U.S.C. § 1441(b).

### A.    There Is Complete Diversity of Citizenship Between the Parties

9.     This action involves "citizens of different states." 28 U.S.C. §1332(a)(1).

10.    Plaintiff Carla Chattman Clark is an individual resident of St. Clair County, Alabama. (Complaint, ¶ 1).

11.    Defendant Wal-Mart Stores East, L.P. is a limited partnership of which WSE Management, LLC is the sole general partner and WSE Investment, LLC is the sole limited partner. The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. The sole member of Wal-Mart Stores East, LLC is Walmart, Inc. As previously stated, Walmart, Inc. is a Delaware corporation with its principal place of business in Arkansas. (**Exhibit 3**, Alabama Secretary of State Records). Thus, Wal-Mart Stores East, L.P. is a citizen of both Delaware and Arkansas. *See Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004) (holding that for purposes of assessing diversity of citizenship, "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens" and "a limited liability company is a citizen of any state in which a member of the company is a citizen.").

12.    Accordingly, the Defendant is not a citizen of Alabama, Plaintiff's place of residence, for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

13.    It has long been held that the court's diversity jurisdiction is established at the time the notice of removal is filed.  *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Further, the citizenship of defendants sued under fictitious names shall not be considered when determining diversity jurisdiction. 28 U.S.C. § 1441(b).

14.     Accordingly, there is complete diversity among the Plaintiff and Defendant in this matter.

**B.     The Amount-In-Controversy Requirement is Satisfied**

15.     The amount in controversy in this action exceeds the $75,000.00 jurisdictional threshold. 28 U.S.C. § 1332(a).

16.     In her Complaint, Plaintiff alleges she suffered injuries to her back and lower extremities, permanent injures, aggravation and or exacerbation to then existing conditions, mental anguish, and lost wages for which she demands compensatory and punitive damages. (Complaint, ¶ 6). Plaintiff seeks recovery of previously incurred medical expenses, as well as future medical expenses, past and future lost wages, and other monetary losses as damages in this case. (Complaint, ¶¶ 18-19).

17.     Where there is an unspecified claim for damages, a removing defendant is not required to prove the plaintiff would recover more than the jurisdictional amount to a "legal certainty." *Lowe's Ok'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998). Instead, the defendant faces the lower burden of demonstrating "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement. *Lowe's Ok'd Used Cars, Inc.*, 995 F. Supp. at 1389 (citing *Tapscott*, 77 F.3d at 1357). *See, e.g., Jones v. Novartis Pharms. Co.*, 952 F. Supp. 2d 1277, 1282 (N.D. Ala. 2013); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The lower burden of proof "is warranted because there is simply no estimate of damages to which a court may defer." *Lowe's Ok'd Used Cars, Inc.*, 995 F. Supp. at 1389.

18.     To meet its burden, the removing defendant may present additional evidence to establish that the amount in controversy exceeds $75,000. *Rowe v. Michelin. Am., Inc.*, 613

F.3d 1058, 1061 (11th Cir. 2010) ("In some cases, [the removing defendant's] burden requires [it] to provide additional evidence demonstrating that removal is proper." (footnote and citation omitted)); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010) (concluding that defendants can "submit [their] own evidence in order to satisfy the jurisdictional requirements of removal" including defendants' own affidavits, declarations, or other documents). Such evidence may include demand letters received from the plaintiff. *Partridge v. Target Corp.*, No. CV 10-PWG-2428-NE, 2011 WL 13229686, at *2 (N.D. Ala. July 11, 2011) (citing *Lowery v. Ala. Power*, 483 F.3d 1184, 1212 n. 62 (11th Cir. 2007)); *Foshee v. Cleavenger*, No. 2:14CV965-SRW, 2014 WL 6978276, at *5 (M.D. Ala. Dec. 4, 2014).

19.    Moreover, the Eleventh Circuit has stated:

> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See Id.* at 754. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *See Id.* at 770 (quoting *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)); *see also Williams [v. Best Buy Co., Inc.]*, 269 F.3d [1316,] 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Rowe v. Michelin Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).

20.    The preponderance of the evidence establishes that the amount in controversy requirement is met in this action. In fact, Plaintiff demanded $350,000 for her claims. (Exhibit 3). Thus, Plaintiff herself has alleged that her damages in this matter exceed the $75,000.00 threshold for diversity jurisdiction under § 1332(a).

21.     Moreover, this Court is allowed to look to judicial experience to reasonably deduce the amount in controversy. In similar cases wherein a plaintiff has successfully asserted claims against a defendant for severe and permanent physical injury arising from a fall on the defendant's premises, jury verdicts have exceeded the jurisdictional requirement. *See Methvin, et al. v. Coca-Cola Bottling Co. Consolidated, et al.*, 19 Ala. Civ. Trial Rptr. 3-24, 2019 WL 1983922 (Cir. Ct. Mobile Cnty. Jan. 16, 2019) (awarding plaintiff Melissa Methvin $1,400,000.00 in damages for injuries sustained when plaintiff slipped and fell on water located on the floor); *Letson v. Huntsville Hospital*, 18 Ala. Civ. Trial Rptr. 6-15, 2018 WL 3105528 (Cir. Ct. Madison Cnty. Mar. 12, 2018) (providing a settlement of $145,000 to the plaintiff for sustained knee and back injuries in a trip and fall at her place of employment); *Preston v. Medical Ctr. Hotel, Inc., et al.*, 15 Ala. Civ. Trial Rptr. 11-12, 2015 WL 7729423 (Cir. Ct. Jefferson Cnty. June 15, 2015) (awarding $420,050.00 in damages to plaintiff on her claims of negligence against defendants Medical Center Hotel and Blumberg arising out of her trip and fall over a floor drain on defendants' premises).

22.     As such, the amount in controversy requirement of 28 U.S.C § 1332(a) is met as the preponderance of the evidence establishes that Plaintiff seeks over $75,000.00 in compensatory and punitive damages from the Defendant.

### C.     The Other Prerequisites for Removal Have Been Satisfied

23.     In addition to satisfying the requirements for diversity of jurisdiction, Defendant has satisfied all other requirements for removal.

24.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

25.     Defendant has not previously removed this action.

26.     Removal at the present time will not result in any prejudice to Plaintiff as the matter is in the initial pleading stage and no discovery has occurred.

27.     Removal to this district and division is proper under 28 U.S.C § 81(a)(1) because this district and division embraces the Circuit Court of Jefferson County, Alabama, Birmingham Division, the forum in which the removed action was pending.

28.     In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the filing of this Notice of Removal to Plaintiff and file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Alabama, Birmingham Division, where this action was pending.

## III.  CONCLUSION

29.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of rights to assert any defense or affirmative matter, whether pursuant to Federal Rule of Civil Procedure 8(c) or Federal Rule of Civil Procedure 12(b).

WHEREFORE, PREMISES CONSIDERED, Defendant Wal-Mart Stores East, L.P. respectfully requests that the Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Jefferson County, Alabama, Birmingham Division, to the United States District Court for the Northern District of Alabama, Southern Division.

Respectfully submitted,

_____s/ Chris Zulanas_____

Christopher J. Zulanas (ASB-1572-U82C)
Gwendolyn A. Gordon (ASB-2775-O74A)
*Counsel for Wal-Mart Stores East, L.P.*

<u>OF COUNSEL</u>:
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
czulanas@friedman-lawyers.com
ggordon@friedman-lawyers.com
P 205.278.7000 | F 205.278.7001

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the foregoing Notice of Removal to be electronically filed and issued to counsel via electronic mail and/or CM/ECF notification on this date:  September 1, 2022.

Jonathan W. Cooner
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
jcooner@asilpc.com
*Counsel for the Plaintiff*

_____*s/ Chris Zulanas*_____
OF COUNSEL